**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SAMUEL FICK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1938** |
| **LYCEE FRANCAIS DE LA NOUVELLE ORLEANS, INC.** | **SECTION: "D" (4)** |

## <u>ORDER AND REASONS</u>

Before the Court is Plaintiff's Motion for Extension of Time to File a Responsive Pleading Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, filed by Plaintiff Samuel Fick ("Plaintiff").[1] Defendant Lycée Francais de la Nouvelle Orleans, Inc. ("Defendant") Opposes the Motion,[2] and Plaintiff has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the law, the Court **GRANTS** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of a 401(k)-benefit plan dispute between Plaintiff-employee and Defendant-employer.[4] On October 27, 2025, the Court remanded the above-captioned matter to the Civil District Court for the Parish of Orleans, State of Louisiana.[5] The Court, therefore, sets forth the factual and procedural background solely as relevant to the instant Motion.

---

[1] R. Doc. 13.
[2] R. Doc. 14.
[3] R. Doc. 15.
[4] R. Doc. 1.
[5] R. Doc. 12.

On January 5, 2026, Plaintiff filed the instant Motion for Extension of Time to File a Responsive Pleading Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.[6] Plaintiff seeks "an extension of time to file a responsive pleading, namely, his Motion for Attorney's Fees, pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure."[7] In support, Plaintiff contends that he has demonstrated excusable neglect warranting an extension of time under Rule 6(b)(1)(B) based on four grounds.[8] Plaintiff first avers that:

> [T]he length of delay is not far removed in time from the Order granting Plaintiff's Motion for Order Remanding Action to State Court. The Order was granted on October 27, 2025, which is just over three months ago. A timely Motion for Attorney's Fees would have to have been filed on November 11, 2025. Thus, although this extension is delayed, it is not requesting the reopening of an issue years later.[9]

Second, Plaintiff argues that:

> There is no potential impact of this delay on any proceedings for this matter in this court. This Court remanded this action back to the Civil District Court of Orleans on October 27, 2025. The only issue left unresolved in this Court is attorney's fees, which were left silent on the Court's order granting Plaintiff's unopposed motion to remand.[10]

Third, Plaintiff maintains that "the reason for delay is because Plaintiff's counsel and Defendant's counsel attempted to resolve the issue of attorney's fees outside of Court. Plaintiff's counsel informed Defendant of its desire to seek attorney fees, not only through electronic mail, but also in Plaintiff's Motion for Order Remanding Action to

---

[6] R. Doc. 13.
[7] *Id.* at p. 1.
[8] R. Doc. 13-1 at p. 2.
[9] *Id.* at p. 3.
[10] *Id.* (emphasis removed).

State Court, seeking that relief."[11] Fourth, Plaintiff advises that he "has acted in good faith by putting Defendant on notice of his desire to seek attorney's fees—especially in light of Defendant's bad faith removal action."[12] Thus, according to Plaintiff, his "request for a finding of excusable neglect, so that he may file a timely request for attorney's fees and costs, should be granted."[13]

Defendant has filed an Opposition, in which Defendant asserts that Plaintiff fails to meet his burden of demonstrating excusable neglect under Rule 6(b)(1)(B).[14] Addressing Plaintiff's argument of a mere three-month delay in filing the instant Motion, Defendant avers that "[a]though three months may not be extreme, it is still a significant delay, particularly where the Court's remand order did not reserve jurisdiction over attorney's fees or contemplate further federal proceedings."[15] Regardless, according to Defendant, Plaintiff is not without a remedy because "any request for attorney's fees presumably may be pursued in the ongoing state-court proceedings."[16] Next, Defendant contends that "Plaintiff's counsel should have filed a timely motion while simultaneously engaging in settlement discussions. The failure to do so was entirely within Plaintiff's control and does not amount to excusable neglect."[17] Third, as to Plaintiff's allegations of Defendant's misconduct, Defendant argues that such allegations "are irrelevant to the Rule 6(b) inquiry."[18] Defendant

---

[11] *Id.* (footnotes removed).
[12] *Id.* at p. 4.
[13] *Id.* at p. 5.
[14] R. Doc. 14 at p. 4.
[15] *Id.* at p. 5.
[16] *Id.*
[17] *Id.* at p. 6.
[18] *Id.*

3

contends that "[a]rguments about the merits of a hypothetical fee motion or Lycée's litigation strategy do not excuse noncompliance with mandatory deadlines and cannot create excusable neglect where none exists."[19] Thus, because Plaintiff has not met his burden and "retains an available forum to pursue any claim for attorney's fees in state court[,]" Defendant advises that the instant Motion should be denied.[20]

In Reply, Plaintiff contends that

> Defendant fails to address how it would be adversely affected because it will not be adversely affected. Instead, Defendant analyzes how the Plaintiff may or may not be prejudiced by the issue of potentially resolving all attorneys fees in state court, or how the Court may be prejudiced by reopening this case.[21]

Additionally, because "it was contemplated by the parties in their proposed order attached to Lycée Français's unopposed motion to withdrawal notice of removal that 'Plaintiff reserves the right to seek costs and attorney's fees incurred related to the motion to remand[,]'" Plaintiff contends that the Court should grant the Motion.[22] As a final point, Plaintiff advises that the Court should take into account all relevant circumstances in evaluating excusable neglect and grant the motion.[23]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of

---

[19] *Id.* at pp. 6 –7.
[20] *Id.* at p. 7.
[21] R. Doc. 15 at p. 1.
[22] *Id.* (quoting R. Doc. 8-1)(footnotes removed).
[23] *Id.* at p. 2.

4

excusable neglect."[24] In analyzing whether excusable neglect exists, the Fifth Circuit considers "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[25]

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."[26] "The determination of what is 'excusable' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[27]  And "[e]ven if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)."[28]

## III. ANALYSIS

Plaintiff seeks an extension of time under Rule 6(b)(1)(B) to file a motion for attorney's fees and alleges that its failure to timely file such motion is a result of excusable neglect.[29] Defendant counters that Plaintiff has failed to meet his burden of demonstrating excusable neglect, thereby warranting dismissal of the instant

---

[24] Fed. R. Civ. P. 6(b)(1)(B).

[25] *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 n.8 (5th Cir. 2006)(citation modified).

[26] *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993).

[27] *McCarty v. Thaler*, 376 Fed. Appx. 442, 444 (5th Cir. 2010)(quoting *Pioneer Inv. Services Co.*, 507 U.S. at 395).

[28] *Id.* at 443 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

[29] R. Doc. 13 at p. 1.

5

Motion.[30] The Court first analyzes whether Fed. R. Civ. P. 54 is applicable in the context of an order of remand. Subsequently, the Court determines whether excusable neglect exists under Rule 6(b). For the reasons set forth below, the Court finds that Rule 54 is applicable to the Court's Order of Remand and that Plaintiff has met his burden of establishing excusable neglect.[31]

### A. Rule 54 is applicable to a motion for attorney fees pursuant to 28 U.S.C. §1447(c).

As an initial matter, the parties give scant consideration regarding the applicability Fed. R. Civ. P. 54(d)(2)(B)'s fourteen-day time limit to the Court's Order of Remand.[32] Fed. R. Civ. P. 54(d)(2)(B) specifically provides that "[u]nless a statute or a court order provides otherwise," a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment[.]"[33]

While the parties are correct in Rule 54(d)(2)(B)'s applicability, the Court acknowledges that such applicability is by no means automatic. Indeed, "[s]ome federal courts have addressed the fear that independent motion practice for Section

---

[30] R. Doc. 14 at p. 4.

[31] The Court first assures itself of jurisdiction to hear the instant dispute. Because the Fifth Circuit has held that "a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified[,]"the Court is satisfied that the instant Motion, if granted, will not lead to a subsequent filing of a motion for attorney's fees over which the Court may not have subject matter jurisdiction. *Coward v. AC and S., Inc.*, 91 Fed. Appx. 919, 922 (5th Cir. 2004).

[32] *See* R. Doc. 13-1 at p. 2 ("Typically, pursuant to Federal Rules of Civil Procedure 54, and the Eastern District of Louisiana's Local Civil Rule 54, a party has fourteen days from the entry of a judgment to move for attorney's fees, with some exceptions. Here, however, Plaintiff made no motion within fourteen days."); R. Doc. 14 at p. 2 ("It is undisputed that under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees must be filed no later than 14 days after entry of judgment unless otherwise provided by statute or order of the Court. In this case, this Court granted Plaintiff's unopposed motion to remand on October 27, 2025. Thus, Plaintiff had 14 days from October 28, 2025, or until November 11, 2025, to file his motion for attorney's fees. No motion was filed by November 11, 2025.").

[33] Fed. R. Civ. P. 54(d)(2)(B).

1447(c) costs and fees will be open-ended by applying the fourteen-day limitation set forth in Federal Civil Rule 54(d)(2)(B) to those applications for costs and fees."[34] Although the Fifth Circuit has not addressed such issue yet, the Court agrees with the rationale of the Third and Sixth Circuits in respectively finding that an order of remand constitutes a judgment for the purpose of Rule 54(d)(2)(B)[35] and that "the proper timeliness requirement for a motion for attorney fees in connection with remand is found in Fed. R. Civ. P. 54(d)(2)(B)[.]"[36] At least one previous Section of this Court has found similarly.[37]

Applying the above rationale, Plaintiff had fourteen days, or until November 11, 2025, from the date of the Court's October 27, 2025 Order of Remand to file a motion for attorney's fees.[38] Because Plaintiff did not file the instant Motion until January 5, 2026, the Court finds that Plaintiff appropriately invokes Rule 6(b) to request an extension of time to file a motion for attorney's fees.[39]

---

[34] 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3739.3 (4th ed. 2025).

[35] *Mints v. Educational Testing Service*, 99 F.3d 1253, 1259 (3rd Cir. 1996)("Thus, although Fed. R. Civ. P. 54(a) provides that a judgment 'includes a decree or any order from which an appeal lies' it does not preclude an order of remand from being regarded as a judgment within Rule 54(d)(2)(B) because a remand order, though not appealable, has the same indicia of finality as an appealable order.").

[36] *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 257 (6th Cir. 1997).

[37] *See Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.*, No. CIV.A.00–1061., 2000 WL 1251945, at *3 (E.D. La. Aug. 31, 2000)(Sear, J.)("A remand order is a judgment within the meaning of Rule 54; although not appealable, it terminates the matter in the district court. To find otherwise would be to provide applicants with an unlimited period of time in which to come back to district court after a remand order and seek attorney fees.").

[38] R. Doc. 12; *see* Fed. R. Civ. P. 6(a)(1)(A)("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period[.]").

[39] R. Doc. 13; *see also Mints*, 99 F.3d at 1260 (stating that "[u]nder Fed. R. Civ. P. 6(b)(2), if [removing defendant] had raised the Rule 54(d)(2)(B) contention in the district court, [plaintiff] could have asked the district court to extend the time for him to file and serve his motion[]" for attorney's fees).

**B. The Court finds that Plaintiff failed to timely file a motion for attorney's fees due to excusable neglect under Rule 6(b)(1)(B).**

The Fifth Circuit has enumerated four factors to assist courts in analyzing whether excusable neglect exists under Rule 6(b).[40] For the reasons set forth below, the Court, taking each factor in turn, finds that Plaintiff has adequately demonstrated excusable neglect.

*1. Danger of prejudice to Defendant*

The first factor, the danger of prejudice to the non-movant, weighs in favor of Plaintiff. Both Plaintiff and Defendant fail to apply this factor.[41] Nonetheless, the Court finds that the danger of prejudice to Defendant is low. As explained below, extending the deadline would not delay the ongoing judicial proceedings in state court. Moreover, and importantly, this Order and Reasons does not award attorney's fees against Defendant. Rather, this Order and Reasons merely extends the time period in which Plaintiff may file a motion for attorney's fees. Any danger of prejudice, at this juncture, is low. Thus, the Court finds that this factor weighs Plaintiff's favor.

---

[40] *See Adams*, 465 F.3d at 161 n.8. Such factors are "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 161 n.8 (citation modified).

[41] *See* R. Doc. 13-1. Although Plaintiff states that "[t]he court may also 'consider the danger of prejudice to the opposing party[,]'" he fails to apply such factor to the instant dispute. *Id.* at p. 2 (quoting *DaSilva v. United States Citizenship and Immigration Services*, 599 Fed. Appx. 535, 544 (5th Cir. 2014)). Defendant, in turn, similarly fails to explain how it would be prejudiced by an extension of time for Plaintiff file a motion for attorney's fees. *See* R. Doc. 14. Instead, Defendant states that "Plaintiff is not without a remedy. Any request for attorney's fees presumably may be pursued in the ongoing state-court proceedings. Even assuming minimal prejudice, the remaining factors weigh against a finding of excusable neglect." *Id.* at p. 5.

### 2. Length of delay and its potential impact on judicial proceedings

The second factor – the length of delay and its potential impact on judicial proceedings – weighs in Plaintiff's favor. Plaintiff contends that "the length of delay is not far removed in time from the Order granting Plaintiff's Motion for Order Remanding Action to State Court."[42] Additionally, Plaintiff argues that "there is no potential impact of this delay on any proceedings for this matter in *this* court. This Court remanded this action back to the Civil District Court of Orleans on October 27, 2025. The only issue left unresolved in this Court is attorney's fees . . . ."[43] Defendant counters and states that "[a]lthough three months may not be extreme, it is still a significant delay[.]"[44] Defendant further contends that "[i]mportantly, Plaintiff is not without a remedy. Any request for attorney's fees presumably may be pursued in the ongoing state-court proceedings."[45]

The Court finds Defendant's arguments unpersuasive. While three months could be considered a moderate delay,[46] Defendant "has not alleged, nor has the Court identified, any impact that this delay has had on [this] proceeding[,]" as this matter was remanded back to state court on October 27, 2025.[47] Additionally, Defendant has not addressed how granting an extension would impact on the ongoing state court proceedings.[48] The Court, too, finds that granting Plaintiff an extension to file a

---

[42] R. Doc. 13-1 at p. 3.
[43] *Id.* (emphasis original).
[44] R. Doc. 14 at p. 5.
[45] *Id.* at p. 5.
[46] *See, e.g., Theriot v. Building Trades United Pension Trust Fund*, Civil Action No. 18-10250, 2022 WL 2191668, at *3 (E.D. La. June 17, 2022)(Africk, J.)("[T]he delay was relatively short: [Plaintiff] filed her motion approximately one month late.").
[47] *Id.*; R. Doc. 12.
[48] *See* R. Doc. 14.

motion for attorney's fees would have little impact, if any, on the current state court proceedings. Thus, this factor likewise weighs in favor of Plaintiff.

### 3. The reason for delay

The third factor – the reason for delay – weighs against granting an extension. Plaintiff alleges that the "reason for delay is because Plaintiff's counsel and Defendant's counsel attempted to resolve the issue of attorney's fees outside of Court. Plaintiff's counsel informed Defendant of its desire to seek attorney fees, not only through electronic mail, but also in Plaintiff's Motion for Order Remanding Action to State Court . . . ."[49] Defendant counters that Plaintiff's reliance on informal discussions to resolve attorney's fees without court intervention "cannot convert a clear failure to comply with a deadline into excusable neglect."[50] Instead, Defendant avers that "Plaintiff's counsel should have filed a timely motion while simultaneously engaging in settlement discussions. The failure to do so was entirely within Plaintiff's control and does not amount to excusable neglect."[51]

The Court agrees with Defendant. Although Defendant aptly points out that the Fifth Circuit in *Tyler v. Intern. Brother. Elec. Workers, Local Union 130* found that a magistrate judge's implicit determination that "good-faith participation in settlement discussions did not excuse counsel's neglect in failing to take the simple step of noting a calendar[]" was not an abuse of discretion,[52] the Court clarifies that

---

[49] R. Doc. 13-1 at p. 3 (footnotes removed).
[50] R. Doc. 14 at p. 5.
[51] *Id.* at p. 6.
[52] *Tyler v. Intern. Broth. Elec. Workers, Local Union 130*, Nos. 00-30306, 00-31030, 00-31241, 2001 WL 1131775, at *3 (5th Cir. Sept. 10, 2001). Insofar as Defendant asserts that the Fifth Circuit's decision in *Tyler* is applicable even though it address Fed. R. Civ. P. 4, the Court agrees. *See Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 881 n.5 (5th Cir. 1998)("Because excusable neglect has the same

such decision did not establish a *per se* rule.[53] "This is because 'the reason for the delay and whether it was within the control of the movant' is but one of several factors that the Court must evaluate in determining excusable neglect."[54] Further, "the intended elasticity of Rule 6(b)(1)(B) would be unduly restricted if courts were to hold categorically that mistaken reliance on settlement negotiations can never satisfy the excusable neglect standard."[55] Thus, while this factors weighs in favor of Defendant, it must be considered within the totality of the circumstances.

### 4. *Whether Plaintiff acted in good faith*

As to the last factor, whether Plaintiff has acted in good faith, the Court finds that such factor weighs strongly in Plaintiff's favor. Plaintiff contends that he has acted in good faith by putting Defendant on notice of his desire to seek attorney's fees.[56] Plaintiff specifically asserts that when Defendant notified him of its intention to file its Consent/Unopposed Motion to Withdraw Notice of Removal,[57] he advised Defendant to "to send a draft of the proposed pleading and order" and "sent back an edit noting Plaintiff would only agree to so long as the proposed order acknowledged that Plaintiff still retains the right to seek attorney fees and costs related to those

---

meaning across procedural contexts, I look not only to decisions regarding Rule 4(a)(5) but also to ones regarding other rules that include an excusable neglect requirement."); *see also Theriot*, 2022 WL 2191668, at *2 n.15 ("The term 'excusable neglect' appears in several federal rules, including Rules 6(b) and 60(b) of the Federal Rules of Civil Procedure. The Fifth Circuit routinely uses the same standard for 'excusable neglect' across all such rules.").

[53] *See Theriot*, 2022 WL 2191668, at *2 ("[T]he Fifth Circuit has sometimes concluded that mistakes by counsel does not constitute excusable neglect . . . However, in other instances, the Fifth Circuit has concluded that mistakes of counsel may constitute excusable neglect . . . .").

[54] *Id.* (quoting *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)).

[55] *Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, Civil Action No. 3:09–CV–1384–D., 2009 WL 3378401, at *2 (N.D. Tex. Oct. 19, 2009).

[56] R. Doc. 13-1 at p. 4.

[57] R. Doc. 8.

pleadings."[58] Defendant, in turn, fails to address whether Plaintiff has acted in good faith.[59]

The Court finds that Plaintiff has acted in good faith. Notwithstanding Defendant's failure to assert any allegations questioning the good-faith motive of Plaintiff's conduct, the Court finds no indicia of bad faith. The record reflects that counsel for both parties communicated for roughly one month regarding attorney's fees related to this Court's Order of Remand.[60] Notably, those emails begin before Plaintiff's deadline of November 11, 2025 and continue to December 10, 2025.[61] Additionally, the record suggests that both parties were engaged in a good-faith discussion pertaining to the resolution of attorney's fees related to proceedings in this Court.[62] The Court declines to make a finding of bad-faith where Plaintiff was attempting to conserve judicial resources and promote judicial efficiency by first attempting to resolve the attorney's fees issue with opposing counsel outside of court. Thus, this factor weighs in Plaintiff's favor.

Accordingly, a majority of the Rule 6(b) factors favor granting Plaintiff an extension of time to file a motion for attorney's fees. The Court does not find that Plaintiff's failure to timely file a motion for attorney's fees arose out of "inadvertence, ignorance of the rules, or [a] mistake construing the rules[.]"[63] Rather, as noted above,

---

[58] R. Doc. 13-1 at pp. 4–5 (citing R. Doc. 8-1). On October 27, 2025, the Court granted Plaintiff's Motion to Remand and denied as moot Defendant's Consent/Unopposed Motion to Withdraw Notice of Removal. R. Doc. 12.
[59] *See* R. Doc. 14.
[60] *See* R. Doc. 14-2 at pp. 1–7.
[61] *See id.*
[62] *Id.*
[63] *Pioneer Inv. Services Co.*, 507 U.S. at 392.

the record demonstrates that Plaintiff appears to have been seeking to promote judicial efficiency and conserve judicial resources.[64] The Court concludes that, under the totality of the circumstances and considering the equitable nature of an excusable neglect analysis, Plaintiff has sufficiently demonstrated excusable neglect and good cause for extending the deadline for Plaintiff to file a motion for attorney's fees in the above-captioned matter.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to File a Responsive Pleading Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure[65] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have **one week** from the date of this Order and Reasons to file a motion for attorney's fees. The Local Rules will govern the opposition and reply memoranda deadlines.

New Orleans, Louisiana, April 8, 2026.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[64] *See* R. Doc. 14-2 at pp. 1–7.
[65] R. Doc. 13.